**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Scott Robert Shaffer, | No. CV-16-04047-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff applied for Supplemental Security Income on February 22, 2013, alleging disability beginning January 1, 2013. (A.R. 10.) The claim was denied initially on June 26, 2013, and upon reconsideration on November 13, 2013. (*Id.*) Plaintiff then requested a hearing. (*Id.*) On December 2, 2014, Plaintiff and a vocational expert (VE) testified at a hearing before an Administrative Law Judge (ALJ). (*Id.* at 37-88.) During the hearing, Plaintiff amended his disability onset date to February 22, 2013. (*Id.* at 10.)

On March 27, 2015, the ALJ issued a written decision finding Plaintiff not disabled within the meaning of the Social Security Act, which became the Commissioner's final decision when the Appeals Council denied review. (*Id.* at 1-4, 10-20.) On November 22, 2016, Plaintiff sought review by this Court. (Doc. 1.) After receipt of the administrative record (Doc. 17), the parties fully briefed the issues for review (Docs. 18-20). For reasons stated below, the Court affirms the Commissioner's decision.

# BACKGROUND

To determine whether a claimant is disabled for purposes of the Social Security Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). At the first step, the ALJ determines whether the claimant is engaging in substantial gainful activity. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. If not, the ALJ proceeds to step four. At step four, the ALJ assesses the claimant's residual functional capacity (RFC) and determines whether the claimant is still capable of performing past relevant work. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work based on the claimant's RFC, age, education, and work experience. § 404.1520(a)(4)(v). If so, the claimant is not disabled. If not, the claimant is disabled.

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since February 22, 2013. (A.R. 12.) At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease of the cervical and lumbar spine, diabetes mellitus, obesity, major depressive disorder and learning disorder. (*Id.*) At step three, the ALJ determined that Plaintiff's listed impairments do not meet or equal the severity of one of the listed impairments in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. (*Id.* at 13.) At step four, the ALJ found that Plaintiff:

> has the [RFC] to perform light work . . . except he can climb ramps and stairs, balance, stoop, kneel, crouch and crawl frequently, climb ladders occasionally and never climb ropes and scaffolds, must avoid concentrated exposure to pulmonary irritants, and can understand, remember and carry out simple instructions and perform simple, routine, repetitive

tasks.

(*Id.* at 14.) The ALJ also found that Plaintiff has no past relevant work. (*Id.* at 18.) At step five, however, after considering Plaintiff's age, education, work experience, and RFC, the ALJ concluded that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (*Id.* at 19.) Accordingly, the ALJ found Plaintiff not disabled. (*Id.* at 19-20.)

## **STANDARD OF REVIEW**

It is not the district court's role to review the ALJ's decision de novo or otherwise determine whether the claimant is disabled. Rather, the court is limited to reviewing the ALJ's decision to determine whether it "contains legal error or is not supported by substantial evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla but less than a preponderance, and "such relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id.* "Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." *Id.* The court, however, "must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Id.* Nor may the court "affirm the ALJ on a ground upon which he did not rely." *Id.*

## **DISCUSSION**

On appeal, Plaintiff challenges the ALJ's determination that Plaintiff's impairments do not meet Listing 12.05C. Plaintiff also challenges whether the ALJ's RFC and step five determinations are supported by substantial evidence. Having reviewed the record and the parties' briefs, the Court concludes that the ALJ did not err.

**I. The ALJ Did Not Error at Step Three**

At step three, the ALJ considers whether Plaintiff's impairments meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. If Plaintiff's impairments rise to the level of a listed impairment, Plaintiff is disabled.

Here, the ALJ determined that Plaintiff's impairments did not meet or medically

equal the criteria of listings 12.02, 12.04, and 12.05. (A.R. 13.) Plaintiff takes issue with the ALJ's 12.05(C) finding. Listing 12.05(C), which concerns intellectual disability, requires: (1) a valid verbal, performance, or full scale IQ of 60 through 70; (2) a physical or other mental impairment imposing an additional and significant work-related limitation of function; and (3) significantly subaverage general intellectual functioning with deficits in adaptive functioning with an onset before age 22. *See, e.g.*, *Moua v. Colvin*, 563 Fed. App'x. 545, 546 (9th Cir. 2014) (quoting Listing 12.05(C)). Here, whether Plaintiff has the requisite deficit in adaptive functioning is the only disputed element. (Doc. 19 at 6-7).

"Adaptive functioning" describes a person's "effectiveness in areas such as social skills, communication, and daily living skills, and how well the person meets the standards of personal independence and social responsibility expected of his . . . age by his . . . cultural group." *Heller v. Doe*, 509 U.S. 312, 329 (1993); *see also Payne v. Astrue*, No. 08-CV-1753-PHX-LOA, 2010 WL 654319, at *11 (D. Ariz. Feb. 23, 2010). "Deficits in adaptive functioning are shown by 'significant limitations in at least two of the following areas: communication, self-care, home living, social/interpersonal skills, use of community resources, self-direction, functional academic skills, work, leisure, health, and safety." *Burchfield v. Astrue*, No. 11-CV-590-PHX-FJM, 2011 WL 5975764, at *3 (D. Ariz. Nov. 20, 2011). The ALJ found that Plaintiff did not have two such limitations.

Substantial evidence supports the ALJ's finding. The record demonstrates that Plaintiff had no limitation in activities in daily living and social functioning. For instance, Plaintiff reported no limitations performing activities of personal care, including dressing, bathing, shaving and feeding himself. (A.R. 238.) Plaintiff performed housework, cared for two dogs, shopped at grocery stores, cooked for his family, attended church, and took multiple vacations with his family. (*Id.* at 18, 239-40, 352, 359.) Plaintiff also drove his daughter to school, took her to the park, and played card games with her. (*Id.* at 18.) Moreover, Plaintiff completed training to become a

caregiver and got his driver's license. (*Id.* at 222, 348.) Given the breadth of these activities, the ALJ determined that Plaintiff did not have sufficient deficits in adaptive functioning.

Although Plaintiff disputes the ALJ's determination, he does not dispute the evidence cited. Instead, Plaintiff offers different evidence—i.e., that he dropped out of school in the eighth grade, was in special education classes, and received a provisional diagnosis that he has a learning disorder. (Doc. 18 at 13-14.) In so doing, Plaintiff essentially asks the Court to reweigh the evidence rather than assess whether substantial evidence supports the conclusion that the ALJ reached. Where, as here, "the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Court finds no error.

## II. ALJ Properly Determined Plaintiff's RFC

Plaintiff claims that the ALJ's RFC determination is erroneous because: (1) it does not account for his moderate limitations in concentration, persistence, or pace, and (2) the record does not support the ALJ's finding regarding Plaintiff's level of social functioning limitations. (Doc. 18 at 15.) The Court discusses each in turn.

### A. Concentration, Persistence, or Pace

The ALJ is required to formulate the RFC based on the entire record. 20 C.F.R. § 1545(a)(3) (the RFC is based on all the relevant evidence, including diagnoses, treatment, observations, and opinions of medical sources, as well as observations by family members and the claimant's own subjective symptoms). The RFC findings need only be consistent with the relevant assessed limitations and not identical to them. *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1222-23 (9th Cir. 2010).

Here, the ALJ credited the opinions of Dr. Michael Rabara, a clinical psychologist. (A.R. 17 (finding Dr. Rabara's opinions "consistent with the evidence" and deserving "great probative weight").) With respect to Plaintiff's concentration and persistence, Dr. Rabara opined:

> [Plaintiff] can carry out simple instructions and make simple decisions. He will have moderate difficulty carrying out detailed instructions, sustaining his concentration, and completing a normal workday at a consistent pace. He can perform activities within a schedule, work in coordination with others, and sustain an ordinary routine.

(*Id.* at 363.) In accordance with Dr. Rabara's opinions, the ALJ found that Plaintiff has "moderate limitation in concentration, persistence, or pace. . ." (*Id.* 13.) Additionally, the ALJ afforded some weigh to the opinion of consultative examiner Dr. Littlefield, indicating that the record as a whole shows Plaintiff could perform simple, routine repetitive tasks on a consistent basis. (*Id.* at 16-17, 103.)

The ALJ's RFC assessment denoted that Plaintiff could "perform simple, routine, repetitive tasks," which the Commissioner argues adequately accounts for Plaintiff's moderate limitations in concentration, persistence, and pace because "the ALJ specifically relied on psychological opinions indicating that Plaintiff, despite having moderate limitations in concentration, persistence, or pace, could nonetheless perform simple, routine, and repetitive tasks." (*Id.* at 13; Doc. 19 at 12.) The Court agrees. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1173-74 (9th Cir. 2008).

In arguing otherwise, Plaintiff urges the Court to follow *Brink v. Commissioner of Social Security Administration*, 343 Fed. App'x 211 (9th Cir. 2009), an unpublished decision in which the Ninth Circuit attempted to distinguish *Stubbs-Danielson* and determined that a limitation to simple, repetitive work did not account for moderate limitations in concentration, persistence, and pace. *Brink*'s rationale for distinguishing *Stubbs-Danielson*, however, is not without its criticisms:

> The reasoning offered in *Brink* to distinguish *Stubbs-Danielson* is not persuasive. In *Stubbs-Danielson*, two doctors opined the claimant had limitations in pace: Dr. McCollum determined Plaintiff had "slow pace, both with thinking and her actions" and found the claimant "moderately limited" in the ability to perform at a consistent pace without an unreasonable number and length of rest periods; Dr. Eather also identified "a slow pace, both in thinking & actions." *Stubbs-Danielson*, 539 F.3d at 1173. The Stubbs-Danielson court concluded, however, that the pace limitations were adequately translated into the only "concrete restrictions available" which was a restriction to simple tasks that

matched the conclusion of Dr. Eather. *Id.* (citing *Howard v. Massanari*, 255 F.3d 577, 582 (8th Cir. 2001)). Distinguishing *Stubbs-Danielson* on the ground that there was no evidence of functional limitation in concentration, persistence, and pace is not persuasive, and, as an unpublished memorandum decision, *Brink* is not controlling authority.

*Calisti v. Colvin*, No. 1:14-cv-02000-SKO, 2015 WL 7428724, at *9 (E.D. Cal. Nov. 23, 2015); *but see Perkins v. Colvin*, 45 F. Supp. 3d 1137, 1153 (D. Ariz. 2014); *Moza v. Astrue*, No. 10-CV-67-TUC-BPV, 2012 WL 1869364, at *4-5 (D. Ariz. May 22, 2012). In fact, *Brink* seems to be an outlier even among unpublished decisions. *See Israel v Astrue*, 494 Fed. App'x 794 (9th Cir. 2012); *Sabin v. Astrue*, 337 Fed. App'x 617 (9th Cir. 2009). As a published decision, *Stubbs-Danielson* carries more weight and therefore the Court finds no error.

### B. Social Functioning

Plaintiff also challenges that ALJ's finding regarding his limitations in social functioning. In support of his argument, Plaintiff highlights that state agency consultants opined that he suffered from mild to moderate difficulties in social functioning. (Doc. 18 at 15.) Although Plaintiff notes these opinions, he makes no effort to challenge the evidence that the ALJ identified to support his finding that Plaintiff had no limitations in social functioning. For instance, Dr. Rabara opined that Plaintiff had "no limitations" in social interaction. (A.R. 363.) Moreover, the ALJ relied on Plaintiff's own testimony that he shops at grocery stores, attends church, travels with his family, and has a cooperative demeanor during clinical examinations. (*Id.* at 13, 18, 239-40, 352.) The Court finds that the ALJ's decision is supported by substantial evidence.[1]

/ / /

/ / /

/ / /

---

[1] Plaintiff separately challenges the ALJ's step five finding, but his argument on this issue merely repeats his previous argument that the ALJ's RFC finding is not supported by substantial evidence. Therefore, for the reasons stated above, the ALJ did not err at step five.

## **CONCLUSION**

The ALJ's decision is free of harmful legal error and supported by substantial evidence. Therefore,

**IT IS ORDERED** that the Commissioner's decision is **AFFIRMED**. The Clerk of the Court shall terminate this case.

Dated this 30th day of March, 2018.

Douglas L. Rayes
United States District Judge